**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CPC LOGISTICS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  4:13-cv-00228-JCH** |
| | ) | |
| **ABBOTT LABORATORIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ~~STIPULATED~~ PROTECTIVE ORDER

This Court, for good cause shown, grants the parties' Joint Stipulation and Motion for a Protective Order and orders as follows:

1.  Designation of Protected Material

    1.1 This Order shall govern all documents and other products of discovery obtained by the parties from one another, and from third parties, all information copied or derived therefrom, as well as all copies, excerpts, summaries or compilations thereof, including documents produced pursuant to requests authorized by the Federal Rules of Civil Procedure.

    1.2 In connection with discovery proceedings in this action, any party may designate any non-public document, material, or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" (collectively referred to as "Protected Material").

    (a)    A party may designate as "CONFIDENTIAL" any information, document or thing that the party reasonably and in good faith believes to contain confidential information within the meaning of Federal Rule of Civil Procedure 26(c); used by it in, or pertaining

to, its business and that is not generally known; and which that party would not reveal to third parties, or, if disclosed, would require such third parties to maintain in confidence.

(b)     A party may designate as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" such materials as the party reasonably and in good faith believes to contain particularly sensitive information, such as non-public and highly sensitive financial information; and such other documents, information, or materials that relate to other confidential or proprietary information that the designating party reasonably believes is of such nature and character that disclosure of such information would be harmful to the designating party.

1.3 Any documents or things produced pursuant to a discovery request or other written materials exchanged by the parties (including discovery responses, letters, and briefs) that a party desires to designate as Protected Material shall be so designated by marking each page of the document, paper or thing as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, as appropriate, and indicating the identity of the producing party (*e.g.*, through the use of an identifying prefix to the document identification (Bates) number). The inadvertent failure to designate Protected Material as CONFIDENTIAL OR HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order prior to or at the time of disclosure shall not operate as a waiver of the producing party's right to thereafter designate such information as confidential prior to trial.

1.4   The following discovery material is not "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY":

(a)   any information which, at the time of disclosure to a receiving party, is lawfully in the public domain;

(b)   any information which, after disclosure to a receiving party, lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

(c)   any information that a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(d)   any information that a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the producing party's Protected Material.

2.   Plaintiff and its counsel, and Defendant and its counsel, agree that they shall not disclose CONFIDENTIAL documents and information, designated as such pursuant to paragraph 1 above, to any person or entity other than to: (a) Plaintiff CPC Logistics, Inc.;  (b) Defendant Abbott Laboratories, Inc.; (c) counsel of record for the named parties, and any associates, paralegals, vendors or secretarial staff of counsel with a need to examine such documents; (d) Plaintiff's or Defendant's designated representatives at any deposition or hearing; (e) mediators; (f) any potential or actual deposition or trial witness; (g) the Court and its staff; (h) any Court reporters present in their official capacity at any hearing, deposition or other proceedings in this action; and (i) jurors and alternates in the trial of this matter.

3.      Copies of documents designated as CONFIDENTIAL may be made and shown to those persons named in Paragraph 2 above.  However, authorized persons or entities to whom the parties reveal information contained in these documents shall not disclose any part or all of such information to any other person or entity except for those listed in Paragraph 2 above.

4.      Information which has been designated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY may be disclosed only to:  (a) the attorneys of record, and any associates, paralegals, vendors or secretarial staff of counsel with a need to examine such documents for the purpose of assisting in this litigation; (b) the Court and its staff; (c) any third party or expert witness subject to and in compliance with Paragraph 8 herein; (d) any Court reporters and their personnel engaged in proceedings incident to preparation for trial or engaged in trial; and (e) jurors or alternates in the trial of this matter.

5.      CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents and the information contained therein shall be used solely for this lawsuit and shall not be used for any other purpose.

6.      The parties shall inform each person or entity to whom they disclose any information in any document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY with the requirements this Protective Order.

7.      Furthermore, each party and other persons to whom CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents and information have been disclosed pursuant to this Protective Order, are prohibited from copying or reproducing or using such information, directly or indirectly, for any purpose other than in connection with this litigation, such as preparation, discovery, trial, and appeal of this litigation.  Prohibited uses include personal, commercial, or professional benefit, profit or use, disclosure to third parties, and use in other litigation.

8.     The term "Outside Witness" shall mean any outside person (and their support personnel) who is not an employee of a party or who is identified as an expert whose opinions may be presented at trial of this Action, or is retained or specially employed in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, including but not limited to, a proposed expert witness with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

Subject to the requirement that the person(s) receiving the Protected Material duly execute the Confidentiality Agreement attached as Attachment A and this section, disclosure of Protected Material may be made to Outside Witnesses.  Prior to disclosing any Protected Material to any Outside Witness, counsel for the receiving party shall determine that disclosure of particular Protected Material to an Outside Witness is, in that counsel's good faith judgment, reasonably necessary to the party's representation.

Prior to the disclosure of any of the designating party's Protected Material to an Outside Witness, the receiving party shall give at least eight (8) calendar days' written notice to the designating party, providing:

> (a)     the name, business title and business address of each Outside Witness to whom the disclosure is proposed to be made;
>
> (b)     a copy of the proposed Outside Witness' executed Confidentiality Agreement;
>
> (c)     a copy of the Outside Witness' current curriculum vitae showing his or her education;
>
> (d)     a list of any previous or current relationships (personal or professional) between the proposed Outside Witness and the designating party; and

      (e)     a list of all other cases in which the proposed Outside Witness has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years. Such a listing, as appropriate, may itself be designated as Protected Material.

No disclosure of Protected Material shall be made to such Outside Witness and/or staff until after the expiration of the foregoing notice period. The disclosure requirement of an Outside Witness shall apply to all professionals working at the direction of counsel, including testifying experts and their employees who provide technical, engineering, accounting or financial support services.

If, during the eight (8) calendar days' notice period the producing party serves a good faith objection to the proposed disclosure to showing the Outside Witness Protected Material, there shall be no disclosure of said Protected Material to such Outside Witness pending resolution of the objection. Consent to the disclosure of Protected Material to the Outside Witness shall not be unreasonably withheld. The producing party objecting to disclosure of Protected Material to the Outside Witness shall provide an explanation of the basis of its objection. If a producing party objects to the disclosure of Protected Material to an Outside Witness, the receiving party shall then have five (5) calendar days after such objection is served to respond to the objection. The producing party shall then have five (5) calendar days after such response is served to file an objection with the court and seek a motion for protection or disqualification of the Outside Witness or other appropriate relief, if the parties cannot come to an agreement. No Protected Material shall be provided to the proposed Outside Witness until after resolution of the objection either by the parties or by the Court. If the producing party fails

to file an objection and motion for protection with the Court within the prescribed period, then any objection to the Outside Witness is waived, and any Protected Material may be thereafter disclosed to such individual.

No Protected Material shall be disclosed by a receiving party to an Outside Witness as set forth above until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.

8.1     The parties recognize that, during the course of this Action, non-parties may be called upon to produce CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY discovery materials. In such a case, the non-party who must produce such discovery materials is considered to be a producing party, protected under this Order as though a signatory to it, and may use the procedures described herein to designate its discovery materials as Protected Material.

Information originating with a non-party and in a producing party's custody or control that a producing party reasonably and in good faith believes is subject to a confidentiality obligation may be designated by the producing party as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and the Protected Material shall be subject to the restrictions on disclosure specified in this Order. The foregoing notwithstanding, if a party has a good faith belief that the production of discovery material is objectionable on the grounds that the requested discovery material is subject to a third-party confidentiality obligation, the producing party shall confer with such third-party to attempt to resolve the confidentiality issue. If this issue cannot be resolved then the producing party shall (1) immediately notify the receiving party; (2) identify the

third-party; (3) provide the receiving party with the portion(s) of any agreement containing the alleged obligation of confidentiality; and (4) provide a schedule of all documents and things being withheld on the basis of the third party confidentiality obligation. All parties shall attempt to resolve all disputes promptly, informally, and in good faith. If the parties are unable to resolve the matter, the prospective "receiving party" may seek relief from the Court. In any such dispute, the producing party shall have the burden of showing good cause as to why disclosure is not warranted. No disclosure is required until the objection is resolved.

A nonparty's use of this Order to designate Protected Material does not entitle that nonparty access to any other Protected Material produced by any party in this case.

9.      Whenever a deposition involves a disclosure of Protected Materials, the following procedures shall apply:  After a transcript of a deposition is prepared, any party may designate any transcript portion or all of a deposition transcript as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY notifying the other parties separately in writing within thirty (30) days of receipt of the transcript.  In such event, the parties shall confer as to the most convenient way to segregate the designated portions of the transcript.  All deposition transcripts shall be treated as CONFIDENTIAL for a period of thirty (30) days after the receipt of the transcript, to permit adequate time for review of the transcript and notice to other counsel regarding any designation as Protected Material by a designating party.

10.      Each party is responsible for employing reasonable measures, consistent with this Protective Order, to control duplication of, access to, distribution of, and retrieval of all

CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents and information.

11.     No later than thirty (30) days after a written request following the conclusion of this lawsuit and all appeals, each party shall return all CONFIDENTIAL and HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY documents and all copies of the same to the party who disclosed such documents. Neither the parties nor their counsel shall keep any copies of documents submitted by an opposing party after this case is concluded. Additionally, after receiving a written request following the conclusion of this lawsuit and all appeals, each party shall destroy all documents that summarize, quote or contain any part or all of the contents of any CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY document. The parties must also cause all other persons to whom such documents have been disclosed pursuant to Paragraph 2 above, except the Court and its staff, to return them to the disclosing party. Portions of deposition testimony or interrogatory answers designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY shall be destroyed by permanent ink marking or blotting or shredding. Notwithstanding anything contrary in this Protective Order, counsel for the parties shall not be obligated to return to any other party or to destroy, and counsel may retain any pleadings, work product, deposition transcripts, and other such documents and information as might be required to comply with the reasonable requirements of counsel's liability insurance carrier.

12.     Notwithstanding the foregoing, the Court's file in this case shall be unsealed on September 2, 2016.

13.     If the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by a producing party and brought to the attention of a receiving party, the receiving party shall treat such material in accordance

with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege or work-product immunity if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

14.     Any party who objects to another party's designation of documents or material as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY shall provide written notice of the objection to opposing counsel, specifying the materials that are the subject of the objection. The producing party shall have 7 business days to respond in writing to the objection. The parties shall confer in good faith in an effort to resolve the objection within 10 days of the written response to the objection. If counsel cannot resolve the objection, the objecting party shall file a motion with the court seeking a ruling on the designation. The information in question shall be submitted to the court under seal. The information shall remain a CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY document absent contrary ruling from the court.

15.     This Stipulated Protective Order shall govern this litigation, including but not limited to all preparation, discovery and testimony in this case.

16.     By agreeing to this Stipulated Protective Order, the parties are not waiving their rights to object to the production or admissibility of particular documents or information on grounds other than confidentiality.

17.     Any person or entity intentionally violating this Stipulated Protective Order, or intentionally allowing it to be violated, may be found liable for contempt of Court. The Court may award attorney fees and court costs to the prevailing party, as well as any other damages

proven, in any action to enforce the terms of this Order or in consequence of a violation of this Order, provided however that nothing herein shall be interpreted to allow for an award of attorney fees or court costs to a party objecting to, and seeking a ruling of the court on, a CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY designation.

18.   The parties agree that their privilege logs need not identify attorney-client communications to/from, or attorney work product created by, each party's counsel in this action subsequent to February 4, 2013.

19.   Any party by written motion may seek an order modifying the terms of this Stipulated Protective Order.

20.   Nothing herein shall alter or change in any way the discovery or disclosure provisions of the Federal Rules of Civil Procedure or the Local Rules of this Court. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure and the Court's deadlines and procedures set out in the applicable Scheduling Order. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court.

21.   Notwithstanding any other provision, nothing in this Order shall prohibit outside counsel for a party from disclosing Protected Material to any person whom the discovery material clearly identifies as an author, addressee, or carbon copy recipient of such discovery material. In addition, regardless of its designation, if discovery material makes reference to the actual or alleged conduct or statement of a person, counsel may discuss such conduct or statements with such person, provided that such discussions do not disclose or reveal any other portions of the document.

22.    The restrictions on the use of discovery material established by this Order are applicable only to discovery material received by a party from another party or from a non-party as a direct result of this litigation. Any party is free to use its own discovery material for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

23.    The terms of this Protective Order shall survive and remain in full force and effect after the termination of this action.

HARRIS DOWELL FISHER & HARRIS, LC          THOMPSON COBURN LLP

BY:    /s/ Michael F. Harris                        BY:    /s/ Kalpesh K. Shah
    Michael F. Harris                                  Kalpesh K. Shah
    15400 S. Outer 40, Suite 202                        55 E. Monroe St., 37th Fl.
    Chesterfield, MO 63107                              Chicago, IL  60603-6029
    mharris@harrisdowell.com                            kshah@thompsoncoburn.com

    Attorneys for Plaintiff                            John S. Kingston
                                                       Kimberly M. Bousquet
                                                       One US Bank Plaza
                                                       St. Louis, MO  63101
                                                       jkingston@thompsoncoburn.com

                                                       Attorneys for Defendant


SO ORDERED this 18th day of December, 2013.

_____
DISTRICT JUDGE

12

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **CPC LOGISTICS, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.  4:13-cv-00228-JCH** |
| | ) | |
| **ABBOTT LABORATORIES, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ATTACHMENT A

## WRITTEN ACKNOWLEDGEMENT TO ABIDE BY THE TERMS OF THE DISCOVERY CONFIDENTIALITY ORDER

I, the undersigned, hereby certify that I have read the Protective Order dated, _____

_____, 2013, entered in the Eastern District of Missouri New Jersey in the case entitled *CPC Logistics, Inc. v. Abbott Laboratories, Inc.*, Civil Action No. 4:13-cv-00228-JCH.

I understand the terms of the Protective Order. I agree to be bound by such terms and to submit to the personal jurisdiction of the Eastern District of Missouri with respect to any proceeding related to the enforcement of this Protective Order, including any proceedings related to contempt of Court. I will not disclose discovery materials marked "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" to anyone other than persons specifically authorized by the Protective Order, and I agree to return all such materials which come into my possession to counsel from whom I received such materials.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Name of Individual: _____

Company or Firm:_____

Address: _____

Telephone No. _____

Relationship to this action and its parties: _____

_____

Dated:          _____   _____
                                                Signature