UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CPC LOGISTICS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:13-CV-00228-JCH |
| | ) |
| ABBOTT LABORATORIES, INC., | ) |
| | ) |
| Defendant. | ) |

**ABBOTT LABORATORIES, INC.'S MOTION TO DISQUALIFY MICHAEL HARRIS AS COUNSEL FOR PLAINTIFF AT TRIAL AND FOR CERTAIN DEPOSITIONS AND TO COMPEL HARRIS AND HARRIS, DOWELL, FISHER & HARRIS, LC TO RESPOND TO SUBPOENAS FOR DOCUMENTS AND DEPOSITION**

Defendant Abbott Laboratories, Inc. ("Abbott") respectfully moves for an order disqualifying Michael Harris ("Harris") from acting as trial counsel in this matter and from conducting certain depositions pursuant to Missouri Rule of Professional Conduct 4-3.7 and to compel Harris and the firm of Harris, Dowell, Fisher & Harris, LC to respond to previously issued subpoenas for documents and deposition pursuant to Federal Rule of Civil Procedure 37. In support, Abbott submits this Motion, and its supporting Memorandum, and states as follows:

1. Through the discovery process in this case, Abbott learned that Plaintiff CPC Logistics, Inc.'s ("CPC") counsel in this matter, Michael Harris, was intimately involved in the transactions and communications related to the withdrawal liability imposed on CPC by the Central States Pension Fund (the "Fund"). CPC seeks to recover a portion of this withdrawal liability from Abbott in this case.

2. Among other defenses, Abbott contests CPC's computation of damages in this matter. Specifically, CPC, apparently in collaboration with the Fund, divided the lump sum

withdrawal liability imposed on it amongst CPC's various customers. Abbott seeks to discover the facts and communications related to this process of allocating liability. The allocation is particularly important in Abbott's case because Abbott spun off another company, Hospira, Inc. ("Hospira") in 2004 and many CPC drivers ceased performing services for Abbott but continued to provide services for Hospira. Moreover, CPC seeks to discover facts related to the methodology for the initial withdrawal liability calculation, the adjustments made to that calculation based on communications between CPC and the Fund, and CPC's efforts to confirm the propriety of the calculation.

3. Discovery revealed that after the Fund made its initial assessment, Harris was the sole person responsible for communicating with the Fund on behalf of CPC regarding all three of these issues. Indeed, numerous communications between Harris and Fund employee Andrew Sprau reveal (a) the Fund's manner of calculating CPC's withdrawal liability and adjustments to the Fund's initial calculation; (b) CPC's allocation of withdrawal liability among its customers including the exchange of numerous documents related to this issue with the Fund; and (c) CPC's allocation of withdrawal liability among Abbott and Hospira.

4. As a result, Abbott immediately issued subpoenas for documents to Harris and his firm and subpoenaed Harris' deposition. Abbott also informed Harris that it viewed him as a necessary witness in this matter and therefore did not believe it was appropriate for Harris to represent CPC at trial. Harris objected to the subpoenas and refused to comply stating that when Abbott took CPC's Rule 30(b)(6) deposition, it would learn that other CPC representatives were equally knowledgeable about these issues. Harris agreed that CPC would not object to any motion related to these issues as untimely if Abbott agreed to wait until the relevant depositions were taken before proceeding. Based on the documents, Abbott was skeptical of Harris' claim that other

CPC employees were equally knowledgeable and therefore issued a Rule 30(b)(1) Notice of Deposition seeking the person with the most knowledge of the relevant issues. CPC's former president, John Bickel ("Bickel"), was presented. However, it was apparent that Bickel could not testify regarding many of the issues discussed by Harris and Sprau. Instead, Bickel's testimony made clear that Harris was the only person with knowledge of many relevant facts and communications concerning the calculation of withdrawal liability and the allocation between CPC's customers and between Abbott and Hospira.

5.  Subsequently, Harris issued a subpoena seeking the deposition of Fund employee Sprau. Thus, Harris seeks to conduct the deposition of a witness with whom he, alone, corresponded regarding many relevant issues in this case. Because Harris is a necessary witness, he should be disqualified from acting as trial counsel pursuant to Missouri Rule of Professional Conduct 4-3.7 and other applicable law. Further, Harris should not be permitted to take the deposition of individuals with whom he, alone, communicated regarding issues that are discoverable in this case. Finally, Harris and his firm should be compelled to respond to the subpoenas issued by Abbott because the information sought by Abbott is not privileged and is discoverable.

6.  In an effort to resolve this discovery dispute and in compliance with Local Rule 37-3.04, the undersigned, Kal Shah, and counsel for CPC, Michael Harris, met and conferred by telephone on numerous occasions including but not limited to a phone conversation during the week of December 9, 2013, a face to face conversation on February 13, 2014, and a phone conversation on February 25, 2014. After sincere efforts to resolve this dispute, the parties have been unable to reach an accord and therefore request the assistance of this Court. Abbott's Rule 37 Certificate is attached as Exhibit K to the Memorandum.

For relief, Abbott respectfully requests that this Court: (1) compel Michael Harris and Harris, Dowell, Fisher & Harris, LC to respond to the Subpoenas *Duces Tecum* previously served on them; (2) compel Michael Harris to sit for a deposition pursuant to the previously served Subpoena; (3) disqualify Michael Harris from acting at trial counsel in this matter; (4) disqualify Michael Harris from taking the deposition of Andrew Sprau and any other individual whose communications with Harris are discoverable in this case; and (5) grant all other appropriate relief.

February 26, 2014

Respectfully submitted,

THOMPSON COBURN LLP

By /s/ Kal K. Shah
Kal K. Shah (*pro hac vice*)
55 E. Monroe, 37th Floor
Chicago, Illinois 60603
312-580-2338
FAX 312-580-2201
kshah@thompsoncoburn.com

John S. Kingston, #51403MO
One US Bank Plaza
St. Louis, Missouri 63101
314-552-6000
FAX 314-552-7000
jkingston@thompsoncoburn.com

*Attorneys for Defendant*
*Abbott Laboratories, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 26, 2014, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record.

                                                        /s/ Kal K. Shah