UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CPC LOGISTICS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ABBOTT LABORATORIES, INC., ) <br> ) <br> Defendant. ) | Case No. 13-cv-00228 <br><br> Judge Jean C. Hamilton |

**DEFENDANT ABBOTT LABORATORIES, INC.'S REPLY TO CPC'S RESPONSE TO ABBOTT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS**

Defendant, Abbott Laboratories, Inc. ("Abbott"), in reply to CPC's Response to its Statement of Uncontroverted Material Facts, states as follows:

21. CPC's claimed dispute is illusory. CPC does not, and cannot, deny that its witnesses and 30(b)(6) witness testified that the parties had no discussions regarding withdrawal liability contemporaneous with the 1992 Agreement. Abbott's Statement of Fact 21, thus, is undisputed.

CPC instead seeks to add an irrelevant and uncorroborated claim that its employee, Moroski, informed Abbott over a decade earlier of withdrawal liability. This claim, of course, has no bearing on whether the parties discussed – which CPC admits they did not – withdrawal liability as part of the Abbott-CPC Agreement. Further, Moroski's testimony is wholly uncorroborated as to whom he spoke at Abbott, the specific context, etc. (Abbott Supp. SF ¶ 9.) Moreover, CPC's claim that Bickel assumed Abbott was aware of withdrawal liability, while improper, is also of no consequence. Abbott does not dispute that it was aware of withdrawal liability in 1992, rather the point is that the parties never discussed it as part of the Agreement;

and CPC expressly concedes the parties did not contemplate it as part of the Agreement in 1992. (Abbott SF ¶¶ 18-24.) Bickel's assumption is also not of record, speculative, and violative of Federal Rule of Civil Procedure 56.

22. CPC's claimed dispute is illusory. CPC does not, and cannot, deny that its witnesses and 30(b)(6) witness testified that the parties had no discussions regarding withdrawal liability contemporaneous with the 1992 Agreement. Abbott's Statement of Fact 22, thus, is undisputed. CPC indeed concedes in its response that Moroski "did not recall any discussions with Abbott regarding withdrawal liability when the Agreement was executed." This concession is consistent with the whole of the testimony by CPC. (Abbott SF ¶¶ 18-24.)

CPC tries to avoid Moroski's admission by pointing to other testimony regarding Moroski's understanding of the Agreement. This avoidance attempts to draw an improper legal conclusion and is irrelevant. Moroski and CPC, as a whole, never indicated to Abbott that withdrawal liability is part of the Agreement. Similarly, CPC's reliance on Moroski's purported editing of an unproduced, third-party Leaseway contract is hearsay and improper under Federal Rule of Civil Procedure 56. What another contract, not of record, with another vendor stated a decade earlier has no bearing on the Abbott-CPC Agreement. These additional facts, even if admitted, do not rebut the factual statement in Abbott Statement of Fact 22.

24. CPC's claimed dispute is illusory. CPC does not, and cannot, deny that its witness testified as quoted. Abbott's Statement of Fact 24, thus, is undisputed.

CPC attempts to argue that Abbott takes CPC testimony out of context. As Abbott Statements of Fact 18-24 illustrate, this argument is demonstrably false. Moreover, the testimony relied upon by CPC in response to Abbott Statement of Fact 22 does not dispute this fact, as explained above.

40. CPC's claimed dispute is illusory. CPC does not, and cannot, deny that its 30(b)(6) witness testified as quoted. Abbott's Statement of Fact 40, thus, is undisputed.

CPC's complaint that Abbott misstates the import of Bickel's testimony is unfounded. As the question indicates, this proposition was being confirmed "again." Indeed, during the 30(b)(6) Deposition, CPC confirmed that "Abbott, in fact, paid CPC for all the services provided through December 2005, correct." (Abbott Supp. SF ¶ 4.) It is undisputed that, as it relates to Central States, CPC ceased providing drivers by 2006. (Abbott SF ¶¶ 65-66.) Similarly, CPC confirmed in responses to Requests for Admission that its breach claim *was not* predicated on *any* conduct from the mid-1990s to the early 2000s. (Abbott Supp. SF ¶ 5.)

73. CPC's claimed dispute is illusory. Abbott's statement is a direct quote from CPC's complaint and, thus, is a judicial admission. *See L.L. Nelson Enters. v. Cnty. of St. Louis*, 673 F.3d 799, 806 (8th Cir. 2012) ("Allegations in a complaint are binding admissions"); *Mo. Hous. Dev. Comm'n v. Brice*, 919 F.2d 1306, 1315 (8th Cir. 1990) ("[E]ven if the post-pleading evidence conflicts with the evidence in the pleadings, admissions in the pleadings are binding on the parties and may support summary judgment against the party making such admissions."). Abbott's Statement of Fact 43, thus, is undisputed.

CPC improperly attempts to change the date of its withdrawal from December 2009 to October 2009, based on a last-minute motion to amend the pleadings. As an initial matter, Abbott *does* dispute CPC's last-minute contention. The December 2009 date was confirmed by its own expert *after* the close of discovery. (Abbott Supp. SF ¶ 1.) The date is also consistent with a contemporaneous document from Central States. (Abbott Supp. SF ¶ 2.) These and other points weighing against CPC's position are set forth in Abbott's concurrently pending Opposition to CPC's Motion to Amend the Complaint. (Dkt No. 120.)

74. CPC's claimed dispute is illusory. It does not, and cannot, deny that its witnesses and Rule 30(b)(6) witness testified that CPC did not keep its former customers notified of its decisions regarding withdrawal liability. Abbott's Statement of Fact 74, thus, is undisputed.

CPC attempts to inject an additional fact regarding a letter it sent to Abbott in January 2008. This letter is irrelevant, however, as CPC did not withdraw until December 2009. (Abbott SF ¶ 73.) The letter referenced is a generic letter that came nearly two years before CPC withdrew and, consistent with Abbott's position, in no way attempts to provide any input to Abbott regarding CPC's ultimate decision to withdraw. As CPC admits, withdrawal was its decision alone, and it acted accordingly. (Abbott SF ¶ 75.)


Date: October 8, 2014                    Respectfully submitted,

                                         /s/ *Kal K. Shah*_____
                                         Kal K. Shah (Ill. #6275895) (Admitted pro hac)
                                         Tracy A. Hannan (Ill. #6281834) (Admitted pro hac)
                                         **EDWARDS WILDMAN PALMER LLP**
                                         225 West Wacker Drive, Ste. 3000
                                         Chicago, Illinois 60606
                                         Tel: 312-201-2000
                                         Fax: 312-201-2555

                                         *Attorneys for Defendant*
                                         *Abbott Laboratories, Inc.*

## CERTIFICATE OF SERVICE

       I hereby certify that on October 8, 2014, I electronically filed **DEFENDANT ABBOTT LABORATORIES, INC.'S REPLY TO CPC'S RESPONSE TO ABBOTT'S STATEMENT OF UNCONTROVERTED MATERIAL FACTS** with the Clerk of the Court for the United States District Court, Eastern District of Missouri, Eastern Division, by using the CM/ECF system and e-mail.

                                            s/ *Kal K. Shah*
                                            Kal K. Shah (Ill. #6275895) (Admitted pro hac)
                                            Tracy A. Hannan (Ill. #6281834) (Admitted pro hac)
                                            EDWARDS WILDMAN PALMER LLP
                                            225 West Wacker Drive, Ste. 3000
                                            Chicago, Illinois 60606
                                            Tel: 312-201-2000
                                            Fax: 312-201-2555